IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICKIE L. MARCH,                                    Civil No. 09-903-AA
                                                   OPINION AND ORDER
            Plaintiff,

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

            Defendant.
_____

Max Rae
Attorney At Law
P.O. Box 7790
Salem, Oregon 97303
     Attorney for plaintiff

Dwight Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

L. Jamala Edwards
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
     Attorneys for defendant

AIKEN, Chief Judge:

     Claimant, Vickie March, brings this action pursuant to the

Social Security Act (the Act), 42 U.S.C. §§ 405(g) and

1    - OPINION AND ORDER

1   1383(c)(3), to obtain judicial review of a final decision of the

2   Commissioner denying her application for disability insurance

3   benefits under Title II of the Act and for Supplemental Security

4   Income (SSI) disability benefits under Title XVI of the Act.  For

5   the reasons set forth below, the Commissioner's decision is

6   affirmed and this case is dismissed.

7                        **PROCEDURAL BACKGROUND**

8          Plaintiff filed her applications on December 28, 2005.  Tr.

9   11, 143.  After a hearing, the Administrative Law Judge (ALJ)

10  Richard Say, on November 25, 2008, denied plaintiff's claims for

11  benefits.  Tr. 8-20.  On June 10, 2009, the Appeals Council

12  denied review.  Tr. 1-3.  Therefore, the ALJ's decision stands as

13  the final decision of the Commissioner in this case.  Plaintiff

14  now seeks review of that decision.

15                     **STATEMENT OF THE FACTS**

16         Plaintiff alleges she became disabled on June 1, 2003.  Tr.

17  11, 24.  She was last insured for Title II benefits on June 30,

18  2003.  Tr. 11, 143.  Plaintiff was born in 1958 and was 50 years

19  old at the time of the hearing decision.  Tr. 20, 717.  Plaintiff

20  completed high school and attended specialized training in

21  "medical billing."  Tr. 156.  Plaintiff has past relevant work as

22  an office manager, farm hand, caregiver, janitor, landscape

23  laborer, information clerk, and housekeeper.  Tr. 19, 173.

24                       **STANDARD OF REVIEW**

25         This court must affirm the Secretary's decision if it is

26  based on proper legal standards and the findings are supported by

27  substantial evidence in the record.  Hammock v. Bowen, 879 F.2d

28  498, 501 (9th Cir. 1989).  Substantial evidence is "more than a

2   - OPINION AND ORDER

1    mere scintilla. It means such relevant evidence as a reasonable
2    mind might accept as adequate to support a conclusion."
3    Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting
4    Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).
5    The court must weigh "both the evidence that supports and
6    detracts from the Secretary's conclusion." Martinez v. Heckler,
7    807 F.2d 771, 772 (9th Cir. 1986).

8          The initial burden of proof rests upon the claimant to
9    establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486
10   (9th Cir. 1986). To meet this burden, plaintiff must demonstrate
11   an "inability to engage in any substantial gainful activity by
12   reason of any medically determinable physical or mental
13   impairment which can be expected . . . to last for a continuous
14   period of not less than 12 months. . . ."    42 U.S.C. §
15   423(d)(1)(A).

16         The Secretary has established a five-step sequential
17   process for determining whether a person is disabled. Bowen v.
18   Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520,
19   416.920. First the Secretary determines whether a claimant is
20   engaged in "substantial gainful activity." If so, the claimant
21   is not disabled.   Yuckert, 482 U.S. at 140; 20 C.F.R. §§
22   404.1520(b), 416.920(b).

23         In step two the Secretary determines whether the claimant
24   has a "medically severe impairment or combination of
25   impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R.
26   §§ 404.1520(c), 416.920(c).   If not, the claimant is not
27   disabled.

28         In step three the Secretary determines whether the

3    - OPINION AND ORDER

impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e)-(g), 416.920(e)-(g). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

### 1. The ALJ's Findings

In step one of the five step sequential process outlined above, the ALJ found that plaintiff had engaged in substantial gainful activity since June 1, 2003, her alleged onset date of disability, as her earnings records showed substantial earnings during 2006. Tr. 13, 116.

In step two the ALJ determined that plaintiff had the following severe impairments: degenerative disc disease in her lumber spine, obesity, fibromyalgia, depressive disorder not otherwise specified, and somatization disorder.

In step three, the ALJ found plaintiff's impairments did

4   - OPINION AND ORDER

not meet or equal the requirements of a listed impairment. Tr. 14. The ALJ found that plaintiff had the residual functional capacity (RFC) to perform light exertional work. Tr. 15. The ALJ further found that plaintiff had basic reading, writing and arithmetic skills; she can occasionally stoop, crouch, crawl, kneel, climb ramps and stairs; she should avoid climbing ropes, ladders and scaffolds; she can occasionally use her lower extremities for repetitive movement and operation of foot controls; she can occasionally engage in overhead reaching; and she should avoid concentrated exposure to vibration. Tr. 15.

Finally, in step four, considering plaintiff's RFC, and relying on the expertise of a vocational expert (VE), the ALJ determined that plaintiff would be able to perform her past relevant work as an office manager or housekeeper. Tr. 19.

2. Plaintiff's Allegations of Error

A. Whether plaintiff's work in 2006 constituted substantial gainful activity

Plaintiff argues that she was paid by her boyfriend's construction company for twenty hours of work per week solely in order to qualify for health insurance coverage. The record shows that plaintiff earned $12,807.00 in 2006. Tr. 116. Plaintiff testified these earnings reflect work she performed at her boyfriend's construction company. Tr. 26-28. Plaintiff testified that she answered telephones four hours per day, five days a week (20 hours per week). Tr. 27. Plaintiff testified, however, that her earnings did not represent payment for actual work, that in fact, her boyfriend over reported her work hours so that she could obtain health insurance through his company's

5   - OPINION AND ORDER

1    provider.   Id.   Plaintiff's boyfriend, Mr. Green, in fact,
2    testified that plaintiff "never worked" and that she did
3    "nothing" for the money he paid her.   Tr. 37-38.

4         The ALJ found that plaintiff and Mr. Green's testimony
5    regarding plaintiff's reported earnings were inconsistent and
6    "demonstrated a willingness to say whatever is necessary to
7    attain a desired end."   Tr. 14.   The ALJ therefore found such
8    testimony not credible.   Based on the earnings recorded on
9    plaintiff's earnings statement in the record for 2006, plaintiff
10   was involved in substantial gainful activity during that time.
11   Tr. 116.   Plaintiff has failed to provide sufficient credible
12   evidence to rebut a presumption that her earnings constitute
13   substantial gainful activity.   Therefore, I will uphold the ALJ's
14   findings at step one.

15         B. Plaintiff and Mr. Green's Credibility

16        Plaintiff alleges that the ALJ erred in finding both
17   plaintiff and her boyfriend not credible.   In order to meet her
18   burden of proving disability, plaintiff must submit objective
19   medical evidence establishing that she has a medical impairment
20   that could reasonably be expected to produce the symptoms
21   alleged.   20 C.F.R. §§ 404.1512, 416.912.   If plaintiff submits
22   objective medical findings establishing a medical impairment that
23   would normally produce a certain amount of pain (or other
24   symptoms) but testifies that she experiences pain at a higher
25   level, the Commissioner may disbelieve that testimony.   Nyman v.
26   Heckler, 779 F.2d 528, 531 (9th Cir. 1985).   Where there is no
27   evidence of malingering, as here, the ALJ must provide clear and
28   convincing reasons to reject plaintiff's testimony.   Smolen v.

6    - OPINION AND ORDER

Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The ALJ provided clear and convincing reasons to reject plaintiff's testimony. Tr. 17, 723. The ALJ relied on plaintiff's robust activities of daily living; willingness to falsify insurance records; symptom exaggeration and over-reporting on examination; and only conservative and routine treatment. Tr. 17. The ALJ found that plaintiff's activities of daily living were quite involved and suggested a level of functioning higher than plaintiff testified to. Tr. 17, 158-60, 719-21. The record shows that plaintiff managed household chores (cooking, cleaning, laundry, washing dishes); managed the care of several household pets (dogs, cats and birds); drove a car (enabling her to perform grocery shopping and other household errands); assisted with farm work such as moving bales of hay and attending to livestock; participated in hobbies such as reading and shopping for antiques; participated in a book club; and was independent regarding her personal hygiene and financial affairs. While the ability to perform these activities does not indicate plaintiff's ability to perform work activities, it is inconsistent with her alleged level of impairment and allowed the ALJ to find plaintiff's testimony not credible. The ALJ relied on plaintiff's and Mr. Green's admission that they engaged in misrepresentation in order to gain access to resources (health insurance) and inferred that they may be willing to do the same in order to gain access to disability benefits. Moreover, plaintiff's credibility is further weakened by Dr. Stoltzfus's assessment, who found "significant" symptom exaggeration and over-reporting. Tr. 723. The ALJ also noted that plaintiff's statements to Dr. Stoltzfus regarding her

7 - OPINION AND ORDER

1    functional limitations  conflict with the testimony she provided
2    at the hearing.   Tr. 720-21.   The ALJ relied on plaintiff's
3    inconsistent statements regarding her ability to perform work to
4    find plaintiff not credible.   Batson v. Commissioner, 359 F.3d
5    1190, 1196-97 (9th Cir. 2004).

6        The  record supports the ALJ's findings and conclusions
7    regarding plaintiff's and Green's credibility.    There is no
8    dispute that plaintiff has received only conservative and routine
9    treatment, despite her numerous subjective complaints.    Her
10   impairments have not resulted in more aggressive forms of
11   treatment such as surgery.  She has not undergone psychological
12   treatment or mental health counseling.   In fact, the record
13   reflects very little treatment since the amended onset date.   A
14   radiological image of plaintiff's hands and right shoulder reveal
15   no significant abnormalities.  Tr. 625-27.  This treatment level
16   suggests that plaintiff's impairments  do  not  result  in
17   significant functional limitation, which would preclude her from
18   engaging in basic work activity.   The ALJ properly found that
19   plaintiff's conservative and routine treatment did not support
20   the presence of an impairment which was more limiting than the
21   RFC assessment.  Tr. 17.  Tommasetti v. Astrue, 533 F.3d 1035,
22   1039-40 (9th Cir. 2008)(conservative treatment properly considered
23   in adverse credibility determination).   The ALJ's finding was
24   based on substantial evidence.

25       C. Lay Witness Statement

26       Plaintiff alleges that the ALJ failed to properly account
27   for Green's lay witness statement. I disagree and find that the
28   ALJ did, in fact, properly consider Green's testimony.  Tr. 17-

8    - OPINION AND ORDER

18, 37-39, 181-88. The ALJ properly provided reasons to reject Green's opinion that plaintiff was not able to perform work. Bruce v. Astrue, 557 F.3d 1113, 1115-16 (9th Cir. 2009). The ALJ found that Green's statements that plaintiff had difficulties walking, standing, lifting, engaging in postural activities, reaching, climbing, concentrating, completing tasks, using her hands and interacting with others, were not supported by objective evidence in the record. Further, the ALJ found that Green's observations were not consistent with plaintiff's stated activities of daily living. Finally, the ALJ noted Green's admission that he willfully misled his company's insurance provided in order to extend medical benefits to plaintiff. See Greger v. Barnhart, 464 F.3d 9689, 972-73 (9th Cir. 2006)(upholding rejection of lay testimony based on medical evidence and close relationship to plaintiff).

D. Proper Consideration of Medical Record

The ALJ must resolve conflicts in the medical evidence. Carmicle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir. 2008). The ALJ properly gave considerable weight to the physical capacity examination performed by Diane Barker, OTR/L in December 2005. Tr. 611-15. The ALJ found the limitations noted by Barker consistent with the record as a whole and with the RFC. Tr. 18. Moreover, these limitations do not conflict with plaintiff's conservative treatment history or activities of daily living.

The ALJ gave limited weight to a consultative medical examination performed by Dr. French in February 2006. Tr. 622-24. Dr. French's findings were not supported by the record as a whole and relies primarily on plaintiff's subjective complaints,

9    - OPINION AND ORDER

1    instead of objective evidence. Tr. 623-24. Moreover, Dr. French
2    offers no clear diagnosis, stating instead there is "unclear
3    etiology" for plaintiff's complaints. Tr. 623. Further, the ALJ
4    gave little weight to a medical source statement completed by Dr.
5    Haddeland on July 25, 2008. Tr. 712-16. Dr. Haddeland opined
6    that plaintiff was limited to less than sedentary work activity.
7    His assessment, however, failed to identify any objective
8    evidence in support of his conclusion. Rather, his opinions were
9    based on plaintiff's subjective complaints. See Young v.
10   Heckler, 803 F.2d 963, 968 (9th Cir. 1986)(ALJ may reject
11   physician's opinion which is "brief and conclusory in form with
12   little in the way of clinical findings to support [its]
13   conclusion.").

14        Finally, in September 2008, plaintiff underwent a
15   neuropsychological evaluation performed by Dr. Stoltzfus. Tr.
16   717-29. Dr. Stoltzfus found that plaintiff's symptoms "wax and
17   wane in response to her physical condition and environmental
18   stressors." Tr. 724. He concluded that her depression was
19   "episodic." Id. He failed to identify any significant
20   functional limitations associated with plaintiff's mental
21   functioning. Instead, he noted that test results were positive
22   for "significant" symptom exaggeration and over reporting. Tr.
23   723-24. The ALJ gave these findings considerable weight. The
24   medical evidence in the record supports the ALJ's finding that
25   plaintiff is not disabled. The ALJ's analysis of the medical
26   evidence was proper and adequately supported by substantial
27   evidence. Moreover, when the evidence is susceptible to more
28   than one rational interpretation, the Commissioner's conclusion

10   - OPINION AND ORDER

must be upheld.  Batson, 359 F.3d at 1195.

E. Plaintiff's RFC

Plaintiff argues that the ALJ did not properly determine her residual functional capacity because it failed to include all of her alleged limitations.  The ALJ thoroughly considered the medical record and testimony.  The ALJ properly incorporated all credible limitations in the RFC finding.  Tr. 15.  See Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001)(RFC finding and hypothetical to the vocational expert appropriately included only limitations "based on medical assumptions supported by substantial evidence in the record that reflect[ed] all the claimant's limitations.").  I find no error in the ALJ's RFC finding.

## CONCLUSION

The Commissioner's decision is based on substantial evidence, and is therefore, affirmed.  This case is dismissed. IT IS SO ORDERED.

Dated this 29 day of September 2010.


_____
Ann Aiken
United States District Judge

11   - OPINION AND ORDER