IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICKIE L. MARCH,

       Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

Civil No. 6:cv:09-00903-AA
OPINION AND ORDER

---

Max Rae
Attorney at Law
P.O. Box 7790
Salem, OR 97303
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97201-2902

L. Jamala Edwards
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
	Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff, Vickie L. March, applies for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff's request includes fees for appeal to this Court, as well as fees for appeal to the Ninth Circuit Court of Appeals. The Commissioner opposes plaintiff's motion. For the reasons set forth below, plaintiff's motion is granted.

## PROCEDURAL BACKGROUND

Plaintiff initially filed her application for Social Security Act ("SSA") benefits on December 28, 2005. On November 25, 2008, an Administrative Law Judge ("ALJ") denied plaintiff's claims for benefits. On June 10, 2009, the Appeals Council denied review of the ALJ's decision.

On September 29, 2010, this Court denied plaintiff's appeal from the ALJ's decision. Plaintiff then filed an appeal to the Ninth Circuit Court of Appeals ("Ninth Circuit"). On December 19, 2011, the Ninth Circuit issued a memorandum decision reversing and remanding this case to the Commissioner for further agency proceedings. The remand was pursuant to Sentence 4 of 42 U.S.C. § 405(g). Having successfully obtained a remand from the

PAGE 2 - OPINION AND ORDER

Ninth Circuit, plaintiff timely filed her motion for attorney fees in the amount of $14,985.10.

**STATEMENT OF FACTS**

Plaintiff alleges she became disabled June 1, 2003. She was born in 1958, and was 50 years old at the time of the hearing before the ALJ. Plaintiff completed high school and attended specialized training in "medical billing." Her past relevant work includes work as an office manager, farm hand, caregiver, janitor, landscape laborer, information clerk, and housekeeper.

In determining whether plaintiff qualified as disabled for SSA benefits, the ALJ completed the five step sequential process required by 20 C.F.R. §§ 404.1520, 416.920, for determining disability. In step one of the process, the ALJ found that plaintiff had engaged in substantial gainful activity since her alleged onset date of disability, as her earnings record showed substantial earnings during 2006.

In step two, the ALJ determined that plaintiff had the following severe impairments: degenerative disc disease in her lumber spine, obesity, fibromyalgia, depressive disorder not otherwise specified, and somatization disorder.

In step three, the ALJ found plaintiff's impairments did not meet or equal the requirements of a listed impairment. The ALJ found that plaintiff had the residual functional capacity (RFC) to perform light exertional work. The ALJ further found that

PAGE 3 - OPINION AND ORDER

plaintiff possessed basic reading, writing and arithmetic skills; she was able to occasionally stoop, crouch, crawl, kneel, climb ramps and stairs; she should avoid climbing ropes, ladders and scaffolds; she was able to occasionally use her lower extremities for repetitive movement and operation of foot controls; she was able to occasionally engage in overhead reaching; and she should avoid concentrated exposure to vibration.

Finally, in step four, the ALJ determined that plaintiff would be able to perform her past relevant work as an office manager or housekeeper. Thus, the ALJ determined that plaintiff was not disabled under the SSA.

## STANDARD OF REVIEW

A party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney fees, court costs, and other expenses under the EAJA. 28 U.S.C. § 2412. Section 2412(d)(1)(A) of the EAJA provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

PAGE 4 - OPINION AND ORDER

Thus, 28 U.S.C. § 2412 sets up a two part test for determining whether attorney fees should be awarded. The court must first determine if the plaintiff was a prevailing party. Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995). If the plaintiff was a prevailing party, the court must then determine whether the Commissioner was substantially justified in its position, and that no other special circumstances exist for making an award of attorney fees unjust. Id. If the Commissioner proves it was substantially justified in its position, then attorney fees will not be awarded to plaintiff. Id.

## DISCUSSION

A plaintiff who receives a remand under sentence four is a prevailing party for EAJA purposes. Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Thus, it is undisputed that plaintiff is a prevailing party, and thereby satisfies the first requirement for an award of attorney fees under 28 U.S.C. § 2412(d)(1)(A). The remaining question is whether the Commissioner was substantially justified in defending the ALJ's decision denying plaintiff SSA benefits.

Substantial Justification

The EAJA creates a presumption that attorney fees will be awarded to prevailing parties, unless the government's position in defending the final decision of the Commissioner was

PAGE 5 - OPINION AND ORDER

substantially justified. Thomas v. Peterson, 841 F.2d 332, 335 (9th Cir. 1988). In order to demonstrate substantial justification, the government has the burden of establishing that its conduct had "a reasonable basis in both law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The government is substantially justified if its position meets "the traditional reasonableness standard-that is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.'" Id.

The Ninth Circuit found that the ALJ's determination of plaintiff's residual functional capacity was in error. When determining plaintiff's RFC during step three of the five step sequential process, the ALJ failed to properly account for all of plaintiff's reported limitations. Specifically, the ALJ failed to include any assessment of plaintiff's mental impairments in plaintiff's RFC determination. The ALJ found at step two that plaintiff had two severe mental impairments: a depressive disorder and a somatization disorder. The ALJ was then required to account for these impairments when determining plaintiff's RFC, however, failed to do so. In addition to the exclusion of plaintiff's mental impairments, the ALJ also failed to fully describe reasons for rejecting a physical capacities assessment plaintiff received at a hospital. Furthermore, the ALJ misinterpreted one of plaintiff's medical evaluations indicating

PAGE 6 - OPINION AND ORDER

that plaintiff had limited capabilities for overhead reaching. The ALJ interpreted plaintiff's capabilities as "permitting occasional overhead reaching," when the medical evaluation report actually stated that plaintiff was "restricted to reaching overhead infrequently with her left arm and never with her right." The Ninth Circuit determined that since these impairments were improperly excluded from the ALJ's RFC determination, it was not possible for the ALJ to determine whether plaintiff was disabled. Therefore, the Ninth Circuit reversed the decision of this Court and remanded for further proceedings.

The Commissioner contends that it was substantially justified in its position defending the findings of the ALJ. The Commissioner argues that its position had a reasonable basis in law and fact, as plaintiff's case was remanded for consideration of a "narrow" issue. The Commissioner minimizes the ALJ's RFC error, stating:

> The fact that this Court affirmed the Commissioner, and that the Ninth Circuit remanded on a narrow issue indicates that the Commissioner was substantially justified in both the original action at the administrative level and defending that action before this Court and the Ninth Circuit.

Def. Response to Pl. Mot. For Attorney Fees p. 5.

The Commissioner argues that because the Ninth Circuit affirmed most of the ALJ's findings, the Commissioner's position was therefore substantially justified.

PAGE 7 - OPINION AND ORDER

However, because an issue is "narrow" does not mean that the issue is unimportant. The ALJ was required to include an assessment of plaintiff's mental impairments in the RFC finding, and failed to do so. The ALJ found these mental impairments to be "severe mental impairments," and as such, should have given these impairments significant consideration during the RFC assessment. Failing to account for two severe mental impairments in an RFC finding, among other errors committed by the ALJ, is significant. The Ninth Circuit recognized the seriousness of this "narrow issue" and found that remand was necessary.

Aside from the "narrow issue argument" the Commissioner fails to provide any additional reasons that its position was substantially justified. In fact, the Commissioner fails to mention the omitted mental impairments and medical evaluations in its brief. The Commissioner does not specifically address any of the findings that were determined to be in error by the Ninth Circuit. The Commissioner therefore failed to met its burden that it was substantially justified in defending the ALJ's decision to deny plaintiff benefits.

## CONCLUSION

The Commissioner's position is not substantially justified. Therefore, plaintiff's motion for fees pursuant to EAJA (doc. 29) is granted and plaintiff is awarded fees in the sum of $14,985.10.

PAGE 8 - OPINION AND ORDER

IT IS SO ORDERED.

Dated this 4 day of May 2012.

_____
Ann Aiken
United States District Judge